UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| AARON FRANK MCGEE | CIVIL ACTION NO. 6:22-CV-05963 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| KEVIN POTIER ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before the Court is a Renewed MOTION TO DISMISS THE FIRST AMENDED COMPLAINT filed by defendants Kevin Potier, Acadiana Movers, LLC, and All American Transfer and Storage, Inc.[1], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Rec. Doc. 25). The motion is unopposed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the motion to dismiss be GRANTED and, accordingly, all claims asserted against defendants Kevin Potier, Acadiana Movers, LLC, and All-American Transfer and Storage, Inc. ("All American") be DISMISSED. The Court further recommends that leave of court be granted to Plaintiff to file an amended complaint asserting a claim under the Carmack Amendment only against the sole remaining defendant in this matter, namely, Mayflower Transit, LLC ("Mayflower").

**Factual Background**

This matter arises from losses incurred by Plaintiff after allegedly contracting with the Named Defendants to pack and move all of Plaintiff's household goods, furniture, and

---

[1] For purposes of clarity, the Court will refer to Kevin Potier, Acadiana Movers, LLC, and All American Transfer and Storage, Inc. as "the Named Defendants." By intervention, Mayflower is also a defendant in this matter. (Rec. Doc. 20). As explained below, Plaintiff has not named Mayflower in the Petition or Amended Complaint.

items from his home in Eunice, Louisiana to Dallas, Texas. (Rec. Doc 1-2 ¶¶ 2, 7). Plaintiff alleges that he paid a cashier's check in the amount of $18,240.76 as full payment of the contract price.[2] (*Id.*) He further alleges that once the movers arrived to transport his items, Potier required an additional $8,825.61, which Plaintiff paid under protest and duress because he had to move within a certain time frame. (*Id.* at ¶¶ 7, 9-16). On September 2, 2022, Plaintiff filed suit in Eunice City Court, St. Landry, Louisiana alleging claims for (1) unfair trade practices, (2) fraud, coercion, and duress, (3) breach of contract to pay for damaged items, (4) fault of crew, and (5) tort of estimator. As a result of these claims, Plaintiff seeks damages, including a return of the increased contract price, the amount due under the contract for damaged and destroyed property, the replacement costs and inconvenience caused by failure to timely pay, the return of the insurance premiums, mental and emotional distress, compensatory damages, a refund of interstate transportation tariff charges, reasonable attorney fees, all consequential damages, and to the extent recoverable, punitive damages. (*Id.* at ¶¶ 20-21, 25-26, 28, 32.)

The Named Defendants removed the matter to this Court on November 11, 2022, based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1137. (Rec. Doc. 1). On November 11, 2022, the Named Defendants filed a MOTION TO DISMISS pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff's state law claims were preempted by 49 U.S.C. § 14706 (known as the Carmack Amendment to the Interstate Commerce Commission Termination Act of 1995 ("ICCTA")) and by 49 U.S.C. § 14501 (known as the Federal Aviation Administration Authorization Act ("FAAAA")) and that the Named Defendants have no liability separate and apart from the motor carrier, Mayflower, and cannot be sued

---

[2] Plaintiff asserts that the original agreed upon-price was reduced when Plaintiff removed an item from the transport list. (Rec. Doc. 1-2 at ¶7). The Court assumes that this explains the discrepancy between the amount shown on the Bill of Lading (Rec. Doc. 1-3) and the original payment made by cashier's check.

individually. (Rec. Doc. 5). On December 12, 2022, the Court granted Mayflower's Motion to Intervene as a defendant in this matter. (Motion, Rec. Doc. 16; Order, Rec. Doc. 20). The Court granted Plaintiff time to amend his complaint in light of the Carmack preemption issues addressed in the Motion to Dismiss. (Rec. Doc. 21). On June 30, 2023, Plaintiffs filed an Amended Complaint (Rec. Doc. 24) again claiming that Potier was not an agent of Mayflower but an "estimator" and "broker" acting on behalf of All American and thus, his actions are not governed by the Carmack Amendment. (*Id*.).

On July 14, 2024, the Named Defendants filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's state law claims on the grounds that they are preempted by the Carmack Amendment and the FAAAA and to dismiss the Named Defendants on the grounds that the Named Defendants, as disclosed household goods agents, and as an employees of disclosed household goods agents, have no liability separate and apart from Mayflower, and thus, cannot be sued individually. The Named Defendants also move to dismiss any claims against Potier as "broker" on the grounds that the FAAAA also preempts claims against motor carriers and brokers.[3] Plaintiff does not oppose this motion.

## **Applicable Standards and Law**

The Named Defendants' motion seeks dismissal of Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), which permits dismissal where the plaintiff fails to state a claim upon which relief may be granted. When considering a motion

---

[3] Mayflower did not join in the instant motion and Plaintiff has not asserted any claims against Mayflower, although Mayflower intervened as "the actual interstate carrier under whose operating authority the Plaintiff's shipment was moved from Louisiana to Texas" and as the "real party in interest whose interests will be impeded, and complete relief cannot be afforded without Mayflower being joined as a party." (Rec. Doc. 16 at ¶ 5). Mayflower further asserts that "if Mayflower failed to intervene until after the Court ruled on Defendants' pending Motion to Dismiss (which under applicable federal law should be granted), it would leave no defendant in the case. Rather, Plaintiff would have to start again from the pleading stage with a new litigation against Mayflower, which would be a waste of judicial resources." (Rec. Doc. 16 at ¶¶ 5, 6).

to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). However, a district court may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." Fed. R. Evid. 201; *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act, 49 U.S.C. § 13101 *et seq.*, establishes the standard for imposing liability on a

motor carrier for the actual loss or injury to property transported through interstate commerce. *Heniff Transp. Sys., LLC v. Trimac Transp. Servs., Inc.*, 847 F.3d 187, 190 (5th Cir. 2017) (quoting *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013)). The purpose of the Amendment is to establish "uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." *Id*.

The Carmack Amendment states in relevant part that

> [a] carrier providing transportation or service ... shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service ... are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property.... Failure to issue a receipt or bill of lading does not affect the liability of a carrier.

49 U.S.C. § 14706(a)(1).

The Supreme Court has interpreted the Carmack Amendment broadly as occupying the entire interstate shipment field of commerce:

> [The Carmack Amendment] embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.

*Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913).

The Fifth Circuit relied on the reasoning in *Adams* to conclude that the Carmack Amendment preempts a shipper's state law breach of contract and tort claims. *Air Prods. & Chems., Inc. v. Illinois Cent. Gulf R.R.*, 721 F.2d 483, 487 (5th Cir.1983), *cert. denied*, 469 U.S. 832 (1984). ("Congress intended by the Carmack Amendment to provide a uniform national remedy against carriers for breach of the contract of carriage, including liability for default in any common-law duty as a common carrier."). The Fifth Circuit has subsequently

held that the Amendment "provide[s] the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis omitted).

The preemptive scope of the Carmack Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." *Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1008 (5th Cir. 2010). "Indeed, the Fifth Circuit has rejected nearly all state-law claims regarding loss of or damage to goods in interstate ground shipping as preempted by the Amendment." *Id.*[4] Because the Carmack Amendment completely preempts state law claims for loss of or damage to freight in interstate commerce, a plaintiff who asserts state law claims within the ambit of the Carmack Amendment has, in actuality, stated federal claims at the suit's inception. *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705 (5th Cir. 2012); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (5th Cir. 1987) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

In order to establish a prima facie case for loss or damage to goods arising from the interstate transportation of those goods by a common carrier, the shipper must demonstrate: (1) delivery of the goods in good condition, (2) receipt by the consignee of less goods or damaged goods, and (3) the amount of damages. *Accura Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir. 1996). A carrier may limit its liability if the carrier: (1) maintains a tariff within the prescribed guidelines of the Interstate Commerce Commission (now the Surface Transportation Board); (2) obtains the shipper's agreement as to her choice

---

[4] While the Fifth Circuit has imposed some limitations on the preemptive scope of the Carmack Amendment, those limitations have been reserved for extreme circumstances. *See id.* at 1009 (suggesting that certain intentional harms such as an assault committed by an employee of the carrier, or the intentional theft of the shipper's property might fall outside of the Carmack Amendment's preemptive scope).

of liability; (3) gives the shipper a reasonable opportunity to choose between two or more levels of liability; and (4) issues a receipt or bill of lading prior to moving the shipment. *Rohner Gehrig Co. v. Tri–State Motor Transit*, 950 F.2d 1079, 1081 (5th Cir. 1992) (*en banc*). If the shipper establishes a prima facie case, there is a rebuttable presumption of negligence. The carrier can overcome this presumption by showing that it was free from negligence and that the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority. *Mo. Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964).

In addition, the Interstate Commerce Act states:

Household goods agents
(a) Carriers responsible for agents.-- Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

49 U.S.C. § 13907(a)(1). *See Marks v. Suddath Relocation Sys., Inc.*, 319 F. Supp. 2d 746, 752 (S.D. Tex. 2004) ("But if the [plaintiffs] are able to establish that some of their property was lost and damaged while in the possession of Suddath, as alleged in this action, United, as Suddath's disclosed principal, would be the entity liable as a matter of law under the relevant bill of lading.").

## Discussion

As a threshold matter, the Court notes that the Bill of Lading underlying the dispute was attached as an exhibit to the Removal Notice (Rec. Doc. 1-4), and the Itemized Customer Survey/Inventory, Carrier Packing and Crate Summary and Estimate were attached to the Amended Complaint. (Rec. Doc. 24-1). Accordingly, the Court will consider these documents in ruling on the instant motion to dismiss. *Kennedy v. Chase Manhattan Bank USA, NA*, 369

F.3d 833, 839 (5th Cir. 2004), *Collins*, 224 F.3d at 498–99.  In addition, the Court takes judicial notice of All American's website which states that All American is an agent of Mayflower.[5]  Fed. R. Evid. 201; *Funk v. Stryker Corp.*, 631 F.3d at 783.

Plaintiff alleges in the Amended Complaint that his "claims for destruction or damage to the property in transit, the only claim covered by the Carmack Amendment is less than $10,000" and that this matter should be remanded to state court.  (Rec. Doc. 24).

28 U.S.C. § 1337(a) provides:

> (a)     The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, that the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

The Named Defendants have continuously represented that the amount in controversy exceeds the $10,000 threshold.  (Rec. Docs. 1, 25).  In addition, the Bill of Lading attached to the Notice of Removal exceeds $10,000 (Rec. Doc. 1-4).  As stated above, in order to establish a prima facie case under the Carmack Amendment, the shipper must demonstrate, among other things, the amount of damages. *Accura Systems,* 98 F.3d at 877.  Plaintiff appears to be contesting jurisdiction in the Amended Complaint but did not file a motion to remand and does not oppose the instant motion to dismiss.  In addition, he did not plead an amount of damages in the Amended Complaint and does not stipulate that his

---

[5] The first page it states in part:
   All American Transfer & Storage is your first choice in moving and storage needs in Lafayette, Baton Rouge, Lake Charles, Alexandria, and Houma Louisiana!  Whether you are moving around the corner or around the country, we have you covered!  As an agent of Mayflower Transit, we are joined with over 90 years of moving experience.
https://allamericantransfer.com/.

claims under the Carmack Amendment are below $10,000. Accordingly, the Court is satisfied that it has jurisdiction over this matter.

In both the Amended Complaint and the original Petition, Plaintiff argues that Potier was not an agent of Mayflower but an "estimator" and "broker" acting on behalf of All American and thus, his actions were not governed by the Carmack Amendment. The Bill of Lading identifies Mayflower as the carrier and All American as an Agent of Mayflower. (Rec. Doc. 1-3, p. 3.) In the original petition, Plaintiff asserts that Potier is an agent of All American. (Rec. Doc. 1-2). In addition, as stated above, All American's website clearly identifies it as an agent of Mayflower. Plaintiff offers no opposition to the Named Defendants' argument that the Amended Complaint "adds three new paragraphs that focus only on Kevin Potier either being an estimator or broker, in an obvious attempt to avoid preemption under applicable federal laws, specifically the Carmack Amendment and FAAAA. *See* 49 U.S.C. § 14706, *et seq.*, and FAAAA 49 U.S.C. § 14501, *et seq.*" (Rec. Doc. 25-1, p. 2). In addition, the Court is not required to accept as true Plaintiff's' conclusory allegations or legal conclusions couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

Plaintiff fails to show that any of his claims fall outside of the Carmack Amendment's broad definition or any justification for enlarging the carrier's liability or imposing liability on the Named Defendants. The Named Defendants have shown that Plaintiff cannot state a claim for relief on the grounds presented. The Carmack Amendment was intended "to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins*, 343 F.3d at 778. Accordingly, Plaintiff's claims against the Named Defendants for (1) unfair trade practices, (2) fraud, coercion, and duress, (3) breach of contract to pay for damaged items, (4) fault of crew, and (5) tort of estimator against the Named Defendants should be dismissed as requested under Rule 12(b)(6).

As stated above, because the Carmack Amendment completely preempts state law claims for loss of or damage to freight in interstate commerce, a plaintiff who asserts state law claims within the ambit of the Carmack Amendment has, in actuality, stated federal claims at the suit's inception. *GlobeRanger Corp. v. Software AG*, 691 F.3d at 705. Accordingly, the Court finds that Plaintiff should be given leave to file an amended complaint to assert a claim against Mayflower. Any amended complaint should address only a claim under the Carmack Amendment against Mayflower and should not attempt to state any state law claims.

## Conclusion

For the reasons discussed herein, the Court recommends that that the MOTION TO DISMISS (Rec. Doc. 25) filed by the Named Defendants be GRANTED and, accordingly, all claims by Plaintiff Aaron McGee against defendants Kevin Potier, Acadiana Movers, LLC, and All American Transfer and Storage, Inc. be DISMISSED. The Court further recommends that leave of court be granted to Plaintiff to file an amended complaint asserting a claim under the Carmack Amendment only against the sole remaining defendant in this matter, namely, Mayflower Transit, LLC.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions

accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 22nd day of December, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**